IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CONRAD S. TRAUT AND CELINA M. TRAUT, | § § § § § § § § § § § | |
| Plaintiffs, | | |
| V. | | No. 3:18-mc-14-D-BN |
| QUANTUM SERVICING, LLC, ET AL., | | |
| Defendants. | | |

## **MEMORANDUM OPINION AND ORDER**

Defendant Rushmore Loan Management Services LLC ("Rushmore") filed a Motion to Enforce Subpoena to Third Party Residential Credit Solutions, Inc. [Dkt. No. 1 (the "Motion to Enforce"), under Federal Rules of Civil Procedure 34, 37, and 45 asking this Court to enforce a subpoena, dated January 3, 2018 (the "Subpoena"), issued from the United States District Court for the District of Massachusetts in connection with the case styled *Conrad S. Traut, et al. v. Quantum Servicing Corporation, et al.*, No. 15-CV-13401-NMG (the "Massachusetts Action"), for the deposition of a corporate representative of Residential Credit Solutions, Inc. ("RCS"). Through its Motion to Enforce, "Rushmore seeks an Order compelling RCS to immediately make a corporate representative available for a deposition, and imposing sanctions on RCS for its refusal to comply with the subpoena or communicate with Rushmore's counsel." Dkt. No. 1 at 1.

United States District Judge Sidney A. Fitzwater has referred the Motion to

Enforce to the undersigned United States magistrate judge for hearing, if necessary, and determination under 28 U.S.C. § 636(b). *See* Dkt. No. 6.

RCS filed a response, *see* Dkt. No. 11, and Rushmore filed a reply, *see* Dkt. No. 13.

For the reasons explained below, the Court DENIES Defendant Rushmore Loan Management Services LLC's Motion to Enforce Subpoena to Third Party Residential Credit Solutions, Inc. [Dkt. No. 1]. *See generally Brown v. Bridges*, No. 3:12-cv-4947-P, 2015 WL 410062, at *1-*4 (N.D. Tex. Jan. 30, 2015) (explaining that, when a district judge refers a motion for sanctions to a magistrate judge, the sanction chosen by the magistrate judge, rather than the sanction sought by the party, governs the determination of whether Federal Rule of Civil Procedure 72(a) or 72(b) applies and that, when the magistrate judge finds that dismissal or another sanction disposing of a claim or defense is unwarranted, the motion should be characterized as non-dispositive and may be ruled on by the magistrate judge) (followed in *Green Hills Dev. Co., LLC v. Credit Union Liquidity Servs., LLC*, No. 3:11-cv-1885-L-BN, Dkt. No. 373 at 2 (N.D. Tex. Dec. 1, 2016)).

**Background**

The Subpoena was properly issued by the United States District Court for the District of Massachusetts under Federal Rule of Civil Procedure 45(a), as the court where the Massachusetts Action is pending. *See* FED. R. CIV. P. 45(a)(2) ("Issuing Court. A subpoena must issue from the court where the action is pending.").

The Subpoena commands a corporate representative of Residential Credit

Solutions, Inc. to appear for a deposition at a location in Dallas, Texas on January 8, 2018 at 2:30 p.m. *See* Dkt. No. 3 at 34 of 42.

Because the Subpoena requires compliance in Dallas, any subpoena-related motion is properly filed in this Court, which, as required by Rule 45, is the court in the district where compliance with the Subpoena is required. *See* FED. R. CIV. P. 45(d), 45(e)(2)(B), 45(f) 45(g); *accord CSS, Inc. v. Herrington*, No. 3:17-mc-71-N-BN, 2017 WL 4750707 (N.D. Tex. Oct. 20, 2017).

Rushmore further explains the background to its Motion to Enforce as follows:

> On or about June 11, 2007, Conrad Traut ("Conrad") signed an Adjustable Rate Note in the original principal amount of $415,200 ("Note" or the "Loan") payable to American Home Mortgage, and he and his wife, Celina Traut (collectively "Trauts") signed a mortgage (the "Mortgage") granting Mortgage Electronic Registration Systems, Inc. a security interest in the property located at 19 Longmeadow Lane, Sharon, Massachusetts (the "Property").
> 
> In 2007, when Quantum Servicing LLC ("Quantam") was servicing the loan, the Trauts defaulted. The Trauts attempted to cure the default by entering into a forbearance agreement, which they believed was the first step towards reinstating and modifying the loan. In 2012, prior to Quantum modifying or reinstating the loan, servicing of the Mortgage transferred to RCS. RCS refused to honor the Forbearance Agreement or any commitments the Trauts believed they had received from Quantum. RCS also failed to properly evaluate the Trauts for a loan modification. In 2015, servicing of the Mortgage was transferred to Rushmore. The Traut's have continued to dispute the status of the loan and their right to a loan modification.
> 
> On September 21, 2015, the Trauts filed an initial Complaint against the Quantum, RCS and Rushmore asserting claims related to the servicing of their loan. In August 2017, after the Trauts and RCS reached a settlement agreement, the Trauts agreed to dismiss their claims against RCS.
> 
> On or about January 3, 2018, Rushmore served RCS with a subpoena for a corporate representative to attend a deposition in Dallas, Texas on January 8, 2018 (a copy of the subpoena is attached as Exhibit 2). On January 8, 2018, counsel for RCS emailed counsel for Rushmore

-3-

stating that RCS agreed to be deposed, but could not be deposed on January 8, 2018 (a copy of the January 8, 2018 email is attached as Exhibit 3). Counsel for Rushmore subsequently sent various emails and left voice messages for counsel for RCS, which went unanswered. On January 17, 2018, counsel for RCS finally responded, only to state that he "had a message into RCS and will respond to you no later than tomorrow" (a copy of the January 17, 2018 email is attached as Exhibit 4). No response was forthcoming.

Counsel for Rushmore sent additional emails and left additional voice mails attempting to reschedule the deposition. These calls and voice mails went unanswered. On January 29, 2018 and January 31, 2018, counsel for Rushmore sent emails to Counsel for RCS stating that if RCS was unwilling to communicate with Rushmore, Rushmore would be forced to file a Motion to Compel, and that Rushmore considered RCS's conduct to be a violation of Local Rules CV-7(h) and AT-3 (a copy of the January 29 and 31, 2018 emails are attached as Exhibit 5). Rushmore has still not received any response to its attempts to reschedule the deposition.

RCS currently maintains a corporate headquarters in Fort Worth, Texas.

Dkt. No. 2 at 1-3 (footnote omitted).

RCS responds with its own take on the factual background, explaining that

[t]he subpoena was issued in a case pending in the United States District Court for the District of Massachusetts, captioned *Traut, et al. v. Quantum Servicing Corporation, et al.*, Case No. 15-CV-13401-NMG. On September 21, 2015, Plaintiffs Conrad and Celine Traut ("Plaintiffs") brought suit against Quantum Service Corporation ("Quantum"), Rushmore and RCS, among others, in an action relating to a residential loan and mortgage. *See* Ex. A to Appendix of Exhibits in Support of RCS' Response in Opposition to Rushmore's Motion to Enforce Subpoena, at Dkt. No. 1. Quantum, Rushmore and RCS are or were servicers of Plaintiffs' loan. RCS settled with Plaintiffs and was dismissed with prejudice on August 10, 2017. *Id.*, at Dkt. No. 76. The case proceeded against the remaining defendants including Rushmore.

On December 22, 2017, the Massachusetts Court issued an Order extending various pre-trial deadlines in the case, but stated "there will be no further continuances." *Id.*, at Dkt. No. 104. The Order provides that "all discovery [is] to be completed on or before January 9, 2018." Id. Trial is set for March 12, 2018. Id., at Dkt. No. 93.

For some unexplained reason, Rushmore's counsel signed the subpoena on January 3, 2018, but did not serve it on RCS until January

8, 2018.1 *See* Ex. B. The subpoena seeks a deposition at 2:30 p.m. that same day in Dallas, Texas2 of RCS' corporate representative on six broad topics, several of which have multiple subparts. *Id.* The subpoena also demands that RCS search for seven broad categories of documents for the corporate representative to bring to the deposition. *Id.*

At some point on January 8, 2018, RCS learned that a subpoena of some sort had been issued and retained local counsel in Texas to immediately address the issue. In his e-mail of January 8, 2018 at 9:58 a.m., attorney Nathan Milliron confirmed that RCS had not been served as of four and one-half hours prior to the scheduled deposition and wrote, in relevant part:

> I understand you have issued a subpoena to RCS for a deposition in Dallas this afternoon. It is my understanding that RCS was never served with the subpoena and that a conflict has arisen with its current counsel. I have been asked to step in and assist.
>
> RCS is willing to sit for a deposition ***but will not be able to do so today***, to the extent you are still moving forward (since I'm informed that RCS was not served) please communicate with RCS through my office.

*See* Ex. D (emphasis added).

As indicated in its counsel's January 8 email to Rushmore (Exhibit D), RCS did not comply with the subpoena because it was not timely served. Rushmore's counsel later followed up with RCS' counsel to seek to re-schedule the deposition. Contrary to Rushmore's statement in the Motion that RCS failed to respond, RCS' counsel responded on multiple occasions that if Rushmore intended to pursue the deposition, it must issue and serve a valid subpoena. *See* Ex. D (January 19, 2018 email from RCS' counsel to Rushmore's counsel: "If you wish to push forward with efforts to depose RCS, please issue a valid subpoena to them."); Ex. E (February 7, 2018 email from RCS' counsel to Rushmore's counsel: "As I advised your counter-part on January 19, in the attached e-mail, if your firm would like to pursue a deposition of RCS, please issue and serve a valid subpoena on them."). Rushmore ignored those requests. Instead of properly seeking relief from the Massachusetts Court to extend the discovery deadline so that it could serve a valid subpoena on RCS, Rushmore is burdening this Court with a frivolous motion to enforce an invalid subpoena that it failed to timely serve in advance of the discovery deadline.

Dkt. No. 11 at 3-5 (footnotes omitted).

Rushmore replies with the following additional factual background:

> RCS, as the prior servicers of a disputed loan, was initially a defendant in the underlying matter, and was only dismissed upon reaching a confidential settlement with the Plaintiffs.
>
> On or about January 3, 2018, Rushmore issued a subpoena for an RCS corporate representative to attend a deposition in Dallas, Texas on January 8, 2018 (the "Subpoena"). *See* Affidavit of Service, a copy of which is attached as Exhibit 1.
>
> On January 3, 2018, a copy of the subpoena was sent to RCS's counsel of record in this matter, attorney Thomas O'Neil. See email dated January 3, 2018, a copy of which is attached as Exhibit 2.
>
> Around 10:00 AM on January 8, 2018, attorney Nathan Milliron ("Milliron") contacted counsel for Rushmore, and stated "RCS is willing to sit for a deposition, but will be unable to do so today…please communicate with RCS through my office." *See* email chain attached as Exhibit 3.
>
> Around 11:40 AM on January 8, 2018, Sue Vertees, as an authorized agent for RCS, accepted service of the Subpoena. *See* Exhibit 1.
>
> Counsel for Rushmore then reached out to Milliron on several occasions seeking to schedule the deposition. *See* Exhibit 3.
>
> On January 19, 2018, for the first time, Milliron stated to counsel for Rushmore that "If you wish to push forward with efforts to depose RCS, please issue a valid subpoena to them." *Id.* Milliron did not provide a reason as to why RCS believed the Subpoena was invalid.
>
> Over the next two weeks, counsel for Rushmore attempted to contact Milliron several times, regarding the deposition, however, they received no response. *See* email chain attached as Exhibit 4.
>
> On February 7, 2018, Rushmore filed it Motion to Enforce Subpoena [ECF. NO. 1].
>
> On evening of February 7, 2018, after the motion was filed, Milliron sent an email to counsel for Rushmore, in which he stated:
>> I don't represent RCS for any purpose in the ongoing litigation involving your client and am not taking a position one way or the other on any motion or waiver that you may be filing… if your firm would like to pursue a deposition of RCS, please issue and serve a valid subpoena upon them.
>
> *See* email dated February 7, 2018, a copy of which is attached as Exhibit 5.
>
> On February 16, 2018, RCS, filed its Opposition, which was signed by Milliron [ECF. NO. 11].

Dkt. No. 12 at 1-3.

## Legal Standards

Under Federal Rule of Civil Procedure 45, a party may serve a subpoena that commands a nonparty "to whom it is directed to do the following at a specified time and place: attend and testify; produce designated documents, electronically stored information, or tangible things in that person's possession, custody, or control; or permit the inspection of premises." FED. R. CIV. P. 45(a)(1)(A)(iii). Under Rule 45(c), "[a] subpoena may command a person to attend a trial, hearing, or deposition only as follows: (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person" and "may command: (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person." FED. R. CIV. P. 45(c)(1)(A), 45(c)(2)(A).

Federal Rule of Civil Procedure 45(a)(1)(C) provides that "[a] command to produce documents, electronically stored information, or tangible things ... may be included in a subpoena commanding attendance at a deposition." FED. R. CIV. P. 45(a)(1)(C). And Federal Rule of Civil Procedure 45(d)(2)(A) directs that "[a] person commanded to produce documents, electronically stored information, or tangible things ... need not appear in person at the place of production ... unless also commanded to appear for a deposition, hearing, or trial." FED. R. CIV. P. 45(d)(2)(A).

Federal Rule of Civil Procedure 30(b)(6) provides that,

> [i]n its notice or subpoena, a party may name as the deponent a public or private corporation, a partnership, an association, a governmental agency, or other entity and must describe with reasonable particularity

the matters for examination. The named organization must then designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf; and it may set out the matters on which each person designated will testify. A subpoena must advise a nonparty organization of its duty to make this designation. The persons designated must testify about information known or reasonably available to the organization. This paragraph (6) does not preclude a deposition by any other procedure allowed by these rules.

FED. R. CIV. P. 30(b)(6); *see generally Brazos River Auth. v. GE Ionics, Inc.*, 469 F.3d 416, 432-34 (5th Cir. 2006).

Federal Rule of Civil Procedure 45(b)(1) provides that "[s]erving a subpoena requires delivering a copy to the named person and, if the subpoena requires that person's attendance, tendering the fees for 1 day's attendance and the mileage allowed by law." FED. R. CIV. P. 45(b)(1). The United States Court of Appeals for the Fifth Circuit has held that "[t]he conjunctive form of the rule indicates that proper service requires not only personal delivery of the subpoena, but also tendering of the witness fee and a reasonable mileage allowance." *In re Dennis*, 330 F.3d 696, 704 (5th Cir. 2003) (internal quotation marks omitted). Until this is accomplished, there is no valid subpoena for the Court to enforce. *See, e.g.*, *Boze Memorial, Inc. v. Travelers Lloyds Ins. Co.*, No. 3:12-cv-669-P, 2013 WL 5299278, at *4 (N.D. Tex. Sept. 20, 2013) ("Nothing in this Order, however, prevents Defendant from seeking to depose [the non-party witness] if it can do so by agreement or in accordance with all of Rule 45's requirements and consistent with other governing rules and the Court's other orders in this case.").

Under Federal Rule of Civil Procedure 45(d)(1), "[a] party or attorney

responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena," and "[t]he court for the district where compliance is required must enforce this duty and impose an appropriate sanction – which may include lost earnings and reasonable attorney's fees – on a party or attorney who fails to comply." FED. R. CIV. P. 45(d)(1); *see also Am. Fed'n of Musicians of the U.S. & Canada v. SKODAM Films, LLC*, 313 F.R.D. 39, 57-59 (N.D. Tex. 2015).

Under Federal Rule of Civil Procedure 45(d)(3)(A), "[o]n timely motion, the court for the district where compliance is required must quash or modify a subpoena that (i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c); (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden." FED. R. CIV. P. 45(d)(3)(A).

And Federal Rule of Civil Procedure 45(d)(2)(B) requires that "[a] person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises – or to producing electronically stored information in the form or forms requested" – and that "[t]he objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served." FED. R. CIV. P. 45(d)(2)(B).

"If an objection is made, the following rules apply: (i) At any time, on notice to the commanded person, the serving party may move the court for the district where

compliance is required for an order compelling production or inspection. (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance." *Id.*

Timely serving written objections therefore suspends the non-party's obligation to comply with a subpoena commanding production of documents, pending a court order. *See* FED. R. CIV. P. 45(d)(2)(B)(ii); *Am. Fed'n*, 313 F.R.D. at 44. On the other hand, "[t]he failure to serve written objections to a subpoena within the time specified by Rule [45(d)(2)(B)] typically constitutes a waiver of such objections, as does failing to file a timely motion to quash." *Am. Fed'n*, 313 F.R.D. at 43 (internal quotation marks omitted). Under Federal Rule of Civil Procedure 45(d), "[e]ither in lieu of or in addition to serving objections on the party seeking discovery, a person can 'timely' file a motion to quash or modify the subpoena" under Federal Rule of Civil Procedure 45(d)(3)(A). *In re Ex Parte Application of Grupo Mexico SAB de CV for an Order to Obtain Discovery for Use in a Foreign Proceeding*, No. 3:14-mc-73-G, 2015 WL 12916415, at *3 (N.D. Tex. Mar. 10, 2015), *aff'd sub nom. Grupo Mexico SAB de CV v. SAS Asset Recovery, Ltd.*, 821 F.3d 573 (5th Cir. 2016); *accord Monitronics Int'l, Inc. v. iControl Networks, Inc.*, No. 3:13-mc-134-L-BN, 2013 WL 6120540, at *1 (N.D. Tex. Nov. 21, 2013) ("Rule 45 does not define a 'timely motion' but does provide that, if the subpoenaed party chooses to serve objections instead of moving to quash, '[t]he objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served.' FED. R. CIV. P. 45(c)(2)(B)."); *cf. Andra Grp., LP v.*

*JDA Software Grp., Inc.*, 312 F.R.D. 444, 451 (N.D. Tex. 2015). Thus, "[i]n the majority of cases, a person – whether a traditional party (i.e., a plaintiff or defendant) or a non-party – waives objections if he/she/it fails either to serve timely objections on the party seeking discovery or to file a timely motion with the court." *Grupo Mexico*, 2015 WL 12916415, at *3.

Federal Rule of Civil Procedure 37(a) generally governs motions to compel discovery, providing that, in general, "[o]n notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery" and "[t]he motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action," FED. R. CIV. P. 37(a)(1), and further that "[a] motion for an order to a party must be made in the court where the action is pending" and "[a] motion for an order to a nonparty must be made in the court where the discovery is or will be taken," FED. R. CIV. P. 37(a)(2).

But Rule 37(a) does not, by its terms, address a motion to compel a party or non-party to appear for a deposition. *See* FED. R. CIV. P. 37(a). The only recourse expressly provided under the Federal Rules for a party seeking another party's deposition is to properly notice the deposition and file a motion under Federal Rule of Civil Procedure 37(d)(1)(A) if and when the deponent fails to appear. *See generally Robinson v. Dallas Cty. Cmty. Coll. Dist.*, No. 3:14-cv-4187-D, 2016 WL 1273900, at *2 (N.D. Tex. Feb. 18, 2016).

Rule 37(d)(1)(A) provides that "[t]he court where the action is pending may, on

motion, order sanctions if: (i) a party or a party's officer, director, or managing agent – or a person designated under Rule 30(b)(6) or 31(a)(4) – fails, after being served with proper notice, to appear for that person's deposition." FED. R. CIV. P. 37(d)(1)(A)(i). "[T]he law is far from settled, in this jurisdiction or elsewhere, on whether Rule 37(d) applies to a non-party witness, including expert witnesses." *Lovison v. Gleason*, No. 3:14-cv-1517-P, 2015 WL 3934933, at *6 (N.D. Tex. June 26, 2015) (collecting cases) "[B]efore being compelled to testify, [a non-party] must be served with a subpoena pursuant to Federal Rule of Civil Procedure 45." *Karakis v. Foreva Jens Inc.*, No. 08-61470, 2009 WL 113456, at *1 (S.D. Fla. Jan. 19, 2009) (citing authorities). But "[a] party need not comply with Rule 45 and issue a subpoena if a non-party will consent to having his deposition taken by notice alone." *Morawski v. Farmers Tex. Cty. Mut. Ins. Co.*, No. 3:14-mc-21-D-BN, 2014 WL 717170, at *1 (N.D. Tex. Feb. 25, 2014).

Once a deponent has appeared for a deposition, Federal Rule of Civil Procedure 37(a)(3)(B)(i) governs a motion to compel a deponent to answer a question. *See* FED. R. CIV. P. 37(a)(2)(B)(i) ("A party seeking discovery may move for an order compelling an answer, designation, production, or inspection. This motion may be made if: (i) a deponent fails to answer a question asked under Rule 30 or 31...."). Under Rule 37(a)(2), such "[a] motion for an order to a party must be made in the court where the action is pending," while "[a] motion for an order to a nonparty must be made in the court where the discovery is or will be taken." FED. R. CIV. P. 37(a)(2).

Federal Rule of Civil Procedure 45(g) provides that "[t]he court for the district where compliance is required – and also, after a motion is transferred [under Federal

Rule of Civil Procedure 45(f)], the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." FED. R. CIV. P. 45(g). And Federal Rule of Civil Procedure 37(b)(1) provides: "If the court where the discovery is taken orders a deponent to be sworn or to answer a question and the deponent fails to obey, the failure may be treated as contempt of court. If a deposition-related motion is transferred to the court where the action is pending, and that court orders a deponent to be sworn or to answer a question and the deponent fails to obey, the failure may be treated as contempt of either the court where the discovery is taken or the court where the action is pending." FED. R. CIV. P. 37(b)(1).

In a case in which, as here, the matter is referred to a magistrate judge under 28 U.S.C. § 636(b), 28 U.S.C. § 636(e)(6) provides that, "[u]pon the commission of any [act of contempt] – ... (B) in any other case or proceeding under subsection (a) or (b) of this section, or any other statute, where – ... (iii) the act constitutes a civil contempt, the magistrate judge shall forthwith certify the facts to a district judge and may serve or cause to be served, upon any person whose behavior is brought into question under this paragraph, an order requiring such person to appear before a district judge upon a day certain to show cause why that person should not be adjudged in contempt by reason of the facts so certified. The district judge shall thereupon hear the evidence as to the act or conduct complained of and, if it is such as to warrant punishment, punish such person in the same manner and to the same extent as for a contempt committed before a district judge."

"A party may be held in contempt if he violates a definite and specific court order requiring him to perform or refrain from performing a particular act or acts with knowledge of that order." *Whitfield v. Pennington*, 832 F.2d 909, 913 (5th Cir. 1987). "The judicial contempt power is a potent weapon" that should not be used unless a specific aspect of the court's order has been "clearly violated." *Piggly Wiggly Clarksville, Inc. v. Mrs. Baird's Bakeries*, 177 F.3d 380, 383 (5th Cir. 1999).

"Contempt is characterized as either civil or criminal depending on its 'primary purpose.'" *In re Collier*, 582 F. App'x 419, 522 (5th Cir. 2014). "A contempt order is civil in nature if the purpose of the order is (1) to coerce compliance with a court order or (2) to compensate a party for losses sustained as a result of the contemnor's actions." *Lyn-Lea Travel Corp. v. Am. Airlines, Inc.*, 283 F.3d 282, 290-91 (5th Cir. 2002).

To show that civil contempt is warranted, a moving party must establish "1) that a court order was in effect, 2) that the order required certain conduct by the respondent, and 3) that the respondent failed to comply with the court's order." *Martin v. Trinity Indus., Inc.*, 959 F.2d 45, 47 (5th Cir. 1992). Intent is not an element of civil contempt; the issue is whether the alleged contemnor has complied with the court's order. *See Whitfield*, 832 F.2d at 913.

The standard of proof for civil contempt is clear and convincing evidence, which is "that weight of proof which produces in the mind of the trier of fact a firm belief or conviction, without hesitancy, of the truth of the precise facts of the case." *Travelhost, Inc. v. Blandford*, 68 F.3d 958, 961 (5th Cir. 1995) (internal quotation marks omitted).

## Discussion

On Rushmore's Motion to Enforce the Subpoena served on RCS commanding RCS to produce a corporate representative for a deposition, the Court can only issue an order within the confines of what the Federal Rules provide based on the Subpoena at issue.

Rushmore invokes Rule 37(a)(1), which provides: "On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." FED. R. CIV. P. 37(a)(1). But, as explained above, neither that general provision nor any specific provision elsewhere in Rule 37 or 45, as laid out above, authorizes a motion to require a non-party to appear for a deposition.

For its part, FRCP 45(d)(2)(B) addresses only objections to, and motions to compel compliance with, subpoenas commanding document productions or inspections, and, while Rushmore included a command to produce documents, electronically stored information, or tangible things in the Subpoena, its Motion to Enforce is directed only to the command to appear for a deposition.

Rushmore has invoked Federal Rule of Civil Procedure 34, but that rule governing requests to parties to produce documents, electronically stored information, and tangible things or to enter onto land or permit inspection has no application here. *See* FED. R. CIV. P. 34(c) ("Nonparties. As provided in Rule 45, a nonparty may be

compelled to produce documents and tangible things or to permit an inspection."). Neither do the local rules of the Eastern District of Texas that Rushmore cites. *See* Dkt. No. 2 at 2-4.

Although Rushmore does not specifically invoke it, Rule 37(d)(1)(A) by its terms only authorizes motions for sanctions for failing to appear for a properly noticed deposition to be heard by "[t]he court where the action is pending." FED. R. CIV. P. 37(d)(1)(A). That lends support to a conclusion that Rule 37(d)(1) does not apply to failures by nonparty deponents to comply with Rule 45 subpoenas commanding the deposition of a nonparty, where, as noted above, Rule 45's provisions governing subpoenas for nonparty discovery directs that subpoena-related motions must be filed in "the court for the district where compliance is required." FED. R. CIV. P. 45(d)(1), 45(d)(3)(A), 45(d)(3)(B), 45(e)(2)(B), 45(g); *accord* FED. R. CIV. P. 45(f) ("When the court where compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances."). And Rule 37(a)(2) likewise dictates that "[a] motion for an order [compelling discovery or disclosure] to a nonparty must be made in the court where the discovery is or will be taken." FED. R. CIV. P. 37(a)(2).

Rushmore asks the Court to enforce the Subpoena's deposition requirement, which commanded RCS to have a corporate representative appear for a deposition at a location in Dallas, Texas on January 8, 2018 at 2:30 p.m. There is no dispute that RCS did not do so.

But the only mechanism under the Federal Rules available to Rushmore appears

to be Rule 45(g)'s provision that "[t]he court for the district where compliance is required ... may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena." FED. R. CIV. P. 45(g). In response, RCS asserts that, where it was not served as Rule 45(b)(1) requires until the date of the commanded deposition, it did not "fail[] without adequate excuse to obey the subpoena."

Rushmore complains that RCS did not serve an objection and then, if necessary, move to quash or modify a Subpoena as failing to allow a reasonable time to comply. But Rushmore was not subject to the Subpoena's command until it was formally served, and there is no dispute that that was not accomplished until the day of the commanded deposition – January 8, 2018.

Regardless of Rushmore's informally sending a copy of the Subpoena to an attorney for ACS five days earlier or any communications that RCS's counsel may have had with Rushmore's counsel on or after the day of the commanded deposition, the Court can only address the Subpoena at hand – there is no other order or other formal command requiring RCS's corporate representative's deposition. And, on this record, Rushmore has not shown facts that could support certifying facts to Judge Fitzwater that RCS should be held in civil contempt for failing – without adequate excuse – to obey the Subpoena's command to make a corporate representative available for a deposition at a location in Dallas, Texas on January 8, 2018 at 2:30 p.m.

Although RCS suggests that the Subpoena should be quashed under Rule 45(d)(3)(A)(i) – which directs that, "[o]n timely motion, the court for the district where compliance is required must quash or modify a subpoena that (i) fails to allow a

-17-

reasonable time to comply" – RCS has not filed a motion to quash. But, while it is safe to say that, as a general matter, serving a subpoena for a deposition five calendar days before – and certainly on the day of – the commanded deposition fails to allow a reasonable time to comply, the Court need not – to resolve Rushmore's Motion to Enforce – quash the Subpoena or determine if RCS waived any objection as to the time to comply. As RCS also argues, on the facts presented here, there is no basis to enforce the Subpoena under Rules 34, 37, or 45, and so Rushmore's Motion to Enforce – the only motion pending here – and its accompanying request for sanctions will be denied.

At the same time, the Court does not find that the record here supports a finding that Rushmore's serving RCS on January 8 with the Subpoena commanding a deposition the same day amounts to "imposing undue burden or expense on a person subject to the subpoena" and warrants Rule 45(d)(1) sanctions simply because RCS was required to file a (successful) response to the Motion to Enforce. At its core, RCS's beef is not with Rushmore's seeking to depose its corporate representative or even with the service of the Subpoena but with RCS's filing the Motion to Enforce itself. *See* Dkt. No. 11 at 2, 8 ("The reality … is that RCS did respond and advised on multiple occasions that Rushmore needed to serve a valid subpoena if it wanted to depose RCS. Rushmore has opted not to do so and instead filed the instant motion to enforce an invalid and improperly served subpoena after discovery has closed in its case. …. Rushmore violated its duty to avoid imposing undue burden and expense on RCS by filing a frivolous motion to enforce an invalid subpoena, thereby requiring RCS to incur attorney's fees and costs in preparing this Opposition."). And the Court finds that,

under the particular circumstances here, Rushmore's filing its Motion to Enforce does not amount to failing to comply with Rushmore's and its' attorneys' duty to take reasonable steps to avoid imposing undue burden or expense on RCS that justifies a Rule 45(d)(1) sanction.

**Conclusion**

For the reasons explained above, the Court DENIES Defendant Rushmore Loan Management Services LLC's Motion to Enforce Subpoena to Third Party Residential Credit Solutions, Inc. [Dkt. No. 1].

SO ORDERED.

DATED: February 23, 2018

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE